United States District Court
for the
Southern District of Florida

| Consuelo Zapata, PZP Investments, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-22686-Civ-Scola |
| | ) | |
| Companion Property and Casualty | | |
| Insurance Co., Clarendon National | | |
| Insurance Co., Defendants. | | |

## Order on Motion to Dismiss

This matter is before the Court on the Defendants' joint motion to dismiss filed by Companion Property and Casualty Insurance Co. ("Companion") and Clarendon National Insurance Company's ("Clarendon"). After review of the parties submissions, the record, and the applicable case law, the Court **grants in part and denies in part** the Defendants' joint motion to dismiss. (**ECF No. 29**).

1. **Background**

The suit arises from an insurance coverage dispute that was removed from state court. Plaintiffs sued to collect on a judgment for $358,848.93 entered against Douglass Roofing, Inc. and in favor of PZP Investments. Douglass Roofing, Inc. is insured by the Defendants. In their second amended complaint, the Plaintiffs Consuelo Zapata and PZP Investments set forth one count for declaratory judgment, requesting that the Court declare (a) the insurance policy is valid and enforceable and (b) that the Plaintiffs' claims are covered under the policy. (ECF No. 22 at ¶ 22.)

The Defendants move to dismiss the Plaintiffs' claims for lost revenue due to loss of tenants because they are not covered under the policy, and they move to dismiss the Plaintiff Consuelo Zapata's claims because her claims are barred by § 627.4136, Florida Statutes.

2. **Legal Standard**

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a

short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Analysis

#### (1) Consuelo Zapata is not a proper plaintiff.

Under Florida law, a non-insured third party can sue an insurer when that person has "first obtain[ed] a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such a policy." Fla. Stat. § 627.4136; *see also, Southern Owners Ins. Co. v. Mathieu*, 67 So. 3d 1156, 1158 (Fla. 2d DCA 2011) (party who is not an insured cannot sue the insurer until it obtains a settlement with or verdict against the insured). Zapata and PZP Investments seek to collect on a judgment entered against Douglass Roofing, Inc. from its insurers, the Defendants. The state court judgment at issue was entered in favor of PZP Investments, and Zapata was not a party in the state court case. As Zapata has not secured a judgment against the insured, he is not a proper plaintiff in this case.

The Plaintiffs argue that because Consuelo Zapata is the sole shareholder of PZP Investments, the entity that secured the judgment against the insured, he is a proper plaintiff with a "legal and equitable interest in the money judgment." (ECF No. 43 at 3.) Plaintiff's rely on *Hutson v. Fulgham Industries, Inc.* for this proposition. (*Id.* at 5.) *Hutson* is an Eleventh Circuit opinion applying Alabama law and interpreting Alabama's corporate survival statute. 869 F.2d 1457, 1460-61 (11th Cir. 1989). It is thus inapplicable to this case because Alabama's corporate survival statute does not apply. Moreover, under Florida law, a shareholder cannot generally sue "in the shareholder's name for injuries to a corporation unless there is a special duty between the wrongdoer and the shareholder, and the shareholder has suffered an injury separate and distinct from that suffered by other shareholders." *Braun v. Buyers Choice Morg. Corp. ex rel. McAloon*, 851 So. 2d 199, 203 (Fla. 4th DCA 2003); *see also, Dinuro Investments, LLC v. Camacho*, 141 So. 3d 731, 739-40 (Fla. 3d DCA 2014). That the corporation is dissolved is irrelevant to this analysis. *See Braun*, 851 So. 2d

at 203 (corporation at issue was administratively dissolved prior to suit). Instead, "dissolution of a corporation does not…prevent commencement of a proceeding by or against the corporation in its corporate name." Fla. Stat. § 607.1405; *Braun*, 851 So. 2d at 203 (a dissolved corporation "continues its existence for the purposes of winding up and liquidating its business affairs and that dissolution does not prevent suits by or against the corporation in its corporate name").

### (2) Whether the Plaintiffs' lost revenue claims are covered under the policy cannot be determined at the motion to dismiss stage.

The Defendants argue that Plaintiffs' claim regarding "lost revenue as a result of loss of tenants" cannot be recovered under the policy because this lost revenue is not considered "property damage." (ECF No. 29 at 7.) Although Defendants' argument may ultimately be correct, this issue cannot be resolved at the motion to dismiss stage because it involves interpreting the extent of the policy's coverage, and "[c]ontract interpretation is typically inappropriate at the motion to dismiss stage." *Alhassid v. Bank of America, N.A.*, 60 F. Supp. 3d 1302 (S.D. Fla. 2014) (Bloom, J.); *see also, Geter v. Galardi S. Enterprises, Inc.*, 43 F. Supp. 3d 1322, 1328 (S.D. Fla. 2014) (Altonaga, J.) ("[T]he Court may not engage in contract interpretation at the motion to dismiss stage, as these arguments are more appropriate for summary judgment.") (citations omitted); *Larach v. Standard Chartered Bank Int'l (Americas) Ltd.*, 724 F. Supp. 2d 1228, 1239 (S.D. Fla. 2010) (Moreno, J.) (denying motion to dismiss because plaintiff had "sufficiently alleged the required elements for claims of breach of contract" and the differing interpretations of the contract were not yet ripe for ruling).

Tellingly, all of the Defendants' caselaw on the issue of interpreting the contractual term "property damage" was at the summary judgment stage. *See Mid-Continent Cas. Co. v. C-D Jones & Co.*, 2013 WL 12081104, *1 (N.D. Fla. Aug. 6, 2013) (resolving plaintiff's second motion for summary judgment); *Key Custom Homes, Inc. v. Mid-Continent Casualty Company*, 450 F. Supp. 2d 1311, 1312 (M.D. Fla. 2006) (resolving the parties' cross motions for summary judgment); *American States Ins. Co. v. Pioneer Elec. Co.*, 85 F. Supp. 2d 1337, 1338 (S.D. Fla. 2000) (Moore, J.) (omnibus order addressing four different motions for summary judgment); *Mid-Continent Cas. Co. v. Clean Seas Co.*, 2009 WL 812072, *1 (M.D. Fla. March 27, 2009). The Court will not interpret the policy at this stage, and therefore, the Court cannot dismiss these claims.

### 4. Conclusion

In sum, the Court **grants in part and denies in part** the Defendants' motion to dismiss. (**ECF No. 29**.) The Court grants the motion to dismiss as to the Plaintiff Consuelo Zapata's claims because he is not a proper plaintiff. The Court denies the motion as to the Plaintiffs' lost revenue claims.

**Done and ordered** at Miami, Florida, on October 7, 2019.

_____
Robert N. Scola, Jr.
United States District Judge