United States District Court
for the
Southern District of Florida

| PZP Investments, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 19-22686-Civ-Scola |
| Companion Property and Casualty Insurance Co. and Clarendon National Insurance Co., Defendants. | ) ) ) ) | |

## Order on Motion to Intervene

Now before the Court is the Plaintiff PZP Investments' motion[1] to intervene as a third-party defendant. For the following reasons, the Court **denies** PZP Investments' motion to intervene. (**ECF No. 47**.)

**1. Background**

PZP Investments ("PZP") sued the insurance companies to collect on a judgment for $358,848.93 entered against Douglass Roofing, Inc. and in favor of PZP Investments. Douglass Roofing, Inc. ("Douglass") is insured by the Defendants. In its second amended complaint, PZP sets forth one count for declaratory judgment, requesting that the Court declare (a) that the insurance policy is valid and enforceable and (b) that the Plaintiffs' claims are covered under the policy. (ECF No. 22 at ¶ 22.)

The Defendants subsequently filed a third-party complaint against Douglass, claiming that the policy should be rescinded because Douglass breached the polices and that there is no coverage because of the insured's misrepresentation of its business operations under Florida Statute § 627.409. (ECF No. 37.) According to PZP's motion, Douglass "will not defend the claim and will allow Companion and Clarendon to obtain the relief they seek by default." (ECF No. 47 at 5.) Therefore, PZP filed this motion to intervene.

---

[1] The motion is filed by both the Plaintiff PZP Investments and the terminated Plaintiff Consuelo Zapata. Pursuant to the Court's order on the motion to dismiss, Consuelo Zapata is no longer a Plaintiff in this case because Zapata is not a judgment holder against Douglass. (ECF No. 48.) Zapata is clearly not entitled to intervention as a matter of right because he is no longer a plaintiff, he has no claim in the judgment against Douglass, and thus no debatable interest in the litigation against him. Therefore, the Court will only discuss whether PZP Investments can intervene in this order.

## 2. Legal Standard

A party seeking intervention as a matter of right must show "(1) that the intervention application is timely; (2) that an interest exists relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests." *Fed. Sav. And Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993); *see also* Fed. R. Civ. P. 24(a)(2). A court must deny a motion to intervene if the movant fails to prove even one of these elements. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213-14 (11th Cir. 1989).

## 3. Discussion

The Defendants oppose the motion to intervene solely with regards to the second element—on the basis that PZP does not have legally protectable interest in the subject matter. The Defendants cite *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, and argue that it controls the outcome in this case. 425 F.3d 1308, (11th Cir. 2005). The Court agrees.

"Under Rule 24(a)(2), a party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is direct, substantial and legally protectable." *Georgia v. United States Army Corp of Eng'rs*, 302 F.3d 1242, 1249 (11th Cir. 2002). The Eleventh Circuit has explained that a legally protected interest "is something more than an economic interest." *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005). It must be an "interest that derives from a legal right," or an interest "which the substantive law recognizes." *Id.* In *Mt. Hawley*, an insurance company filed suit seeking a declaratory judgment that it did not owe a duty to defend or indemnify the insureds. 425 F.3d at 1309-10. The insureds never answered the complaint, and the insurance company filed a motion for default. *Id.* at 1310. A party injured by the insured sought to intervene in the declaratory action, arguing that he had a direct, substantial, and legally protectable interest because if the insurance company was not obligated to defend or insure the defendants, then he would "not have a pool or fund from which to recover his damages." *Id.* at 1311. The Eleventh Circuit held that the proposed intervenor's interest was "purely economic" and not sufficient for intervention. *Id.*

PZP's request to intervene as a matter of right fails for the same reason. PZP argues that the outcome of the third-party complaint will have a bearing on the pool of funds that will be available to it when collecting on its judgment. In other words, PZP's interest in the third-party complaint is purely economic, and this type of interest is not a legally protectable interest. *Id.* The facts here are nearly-identical to *Mt. Hawley* and cannot be meaningfully distinguished.

PZP argues that *TIG Specialty Co. v. Financial Web.com, Inc.* more closely fits this case because it dealt with "the potential invalidation of an insurance policy" rather than "a declaration that it owed no duty to defend or indemnify." 208 F.R.D. 336 (M.D. Fla. 2002). This is not a meaningful distinction, given that neither *Mt. Hawley's* nor *TIG's* reasoning hinges on this difference. The Court declines to ignore *Mt. Hawley* and instead follow an outlier district court decision that predates *Mt. Hawley*. Moreover, a number of courts have followed *Mt. Hawley*, reasoning that a purely economic interest in a pool of funds is not a sufficient legally protectable interest to satisfy the requirement for intervention as of right. *See, e.g.*, *Cspan Financial, LLC v. Blane*, 2012 WL 3639051, *2 (S.D. Fla. Aug. 23, 2012) (Scola, J.) (the potential intervenor's "interest in the outcome of this case is purely economic. This type of interest is not a legally protectable interest, and thus does not give [the potential intervenor] the right to intervene in this litigation"); *Typhoon Media Corporation v. CVS Pharmacy, Inc.*, 2013 WL 12090020, *3 (S.D. Fla. Aug. 22, 2013) (Rosenbaum, J.) (It does not qualify for intervention because "it has not shown that its interest in the subject matter of the litigation between Typhoon and CVS is anything more than purely economic); *Buckley Towers Condominium, Inc. v. QBE Insurance Corporation*, 2008 WL 11318164, *3 (S.D. Fla. Nov. 4, 2008) (Torres, J.) ("His interests may be legitimate, but they are merely economic and amount to nothing more than a creditor's interest in the Plaintiff's finances."); *American Guarantee & Liability Ins. Co. v. Estime-Thompson, P.A.*, 2008 WL 11333273, *3 (S.D. Fla. Sep. 16, 2008) (Ungaro, J.) ("While the Cascoes do hold a judgment against the Defendants, their claim in the present action is purely economic—that is, their interest is in protecting the pool or funds from which to recover their damages.").

### 4. Conclusion

In sum, the Court **denies** the Plaintiff's motion to intervene (**ECF No. 47**) because it lacks a legally protected interest in the litigation.

**Done and ordered** at Miami, Florida, on November 20, 2019.

_____
Robert N. Scola, Jr.
United States District Judge